**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME MAURICIO HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-526 <br><br> Agency No <br> A087-746-222 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2023**
Pasadena, California

Before: WALLACE, W. FLETCHER, and R. NELSON, Circuit Judges.

Jaime Mauricio Hernandez (Mauricio), a native and citizen of Mexico, timely

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his

appeal from the immigration judge's (IJ) denial of his applications for voluntary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

departure and cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. "An IJ's decision not to continue a hearing is reviewed for abuse of discretion, but whether an IJ's denial of a continuance violated a petitioner's statutory right to counsel is a question of law which we review de novo." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (internal citations, quotation marks, and alterations omitted). We deny the petition.

Mauricio was not denied due process by the IJ's decision to adjudicate his case despite his lack of counsel. When the IJ granted his counsel's unopposed motion to withdraw after the removability phase, the IJ properly informed Mauricio of his right to representation and the availability of pro bono legal services, 8 U.S.C. § 1240.10(a)(1), (2), and provided instructions for presenting his relief case without counsel. Although Mauricio did not affirmatively waive his right to counsel, *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004), the nine-month period between merits hearings was a "reasonable time to locate counsel and permit counsel to prepare for the hearing." *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). Nor did Mauricio face any of the barriers frustrating access to counsel recognized by this court. *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.